IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | |
| v. ) | No. 10-20129-01-KHV |
| ) | |
| ANTONIO QUINN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On June 27, 2011, the Court sentenced defendant to 300 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. On March 4, 2015, the Court dismissed defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] The United States Supreme Court recently held that a defendant who pleads guilty under Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) so long as the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018). This matter is before the Court on defendant's pro se Motion For Sentence Reduction Under Amendment 782 In Light Of The Supreme Court's Ruling In Hughes V. United States (Doc. #973) filed June 8, 2018. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945,

---

[1] Because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, the Court dismissed defendant's motion for lack of jurisdiction. See Order (Doc. #876) filed March 4, 2015 at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)); see also Memorandum And Order (Doc. #926) filed September 26, 2016 (dismissing renewed motion to reduce sentence under Amendment 782).

947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense levels in the Drug Quantity Table at U.S.S.G. § 2D1.1. Defendant has not shown that Amendment 782 lowered his guideline range. In particular, defendant's base offense level appears to remain at 38 under the amended guidelines because the Court attributed at least 25.2 kilograms of cocaine base to him. See Presentence Investigation Report (Doc. #432) filed June 10, 2011, ¶ 155(a) (first method: multiple people in conspiracy selling one kilogram per month for 37 months); ¶ 155(b) (second method: 277.5 kilograms of cocaine base); ¶ 155(c) (third method: "very conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy); U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2016 ed.) (base offense level of 38 for at least 25.2 kilograms of cocaine base). In addition, even if the Court considered only the six-month period of wire taps, Presentence Investigation Report (Doc. #432), ¶ 155(c), defendant's total offense level

is reduced two levels to a total of 39 under the amended guidelines, with a criminal history category IV.  Even so, defendant's guideline range remains the same: 360 months to life in prison.  Because defendant has not shown that Amendment 782 lowered his guideline range, the Court dismisses his motion to reduce sentence for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's pro se <u>Motion For Sentence Reduction Under Amendment 782 In Light Of The Supreme Court's Ruling In Hughes V. United States</u> (Doc. #973) filed June 8, 2018 is **DISMISSED for lack of jurisdiction**.

Dated this 16th day of July, 2018 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge