IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20129-01-KHV |
| | ) | |
| ANTONIO D. QUINN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO SHOW CAUSE

On June 27, 2011, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., the Court sentenced defendant to 300 months in prison  The Court on its own motion may reduce a sentence if the defendant was sentenced based on a guideline range that the Sentencing Commission has subsequently lowered.  See 18 U.S.C. § 3582(c)(2).

At sentencing, based on a total offense level 41 and criminal history category IV, defendant's guideline range was 360 months to life.  See Presentence Investigation Report (Doc. #432) filed June 10, 2011, ¶ 199.  Consistent with the plea agreement under Rule 11(c)(1)(C), the Court sentenced defendant to 300 months, which was below the low end of the guideline range. Amendment 782 to the Sentencing Guidelines appears to lower defendant's total offense level four levels with an amended guideline range of 292 to 365 months.[1]  Accordingly, the Court directs

---

[1] After Amendments 750 and 782 and based on a total of 4.5 kilograms of crack cocaine attributed to defendant (the minimum amount that the Court necessarily attributed to defendant at the original sentencing), his base offense level is reduced from 38 to 34.  See Presentence Investigation Report (Doc. #432), ¶ 160; U.S.S.G. § 2D1.1(c)(3) (offense level 34 if offense involved at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine); U.S.S.G. App. C, Vol. III, Amend. 750, 782.  After applying the same adjustments that the Court applied at defendant's original sentencing (two level enhancement for a firearm, four level enhancement for role in the offense and three level reduction for acceptance of responsibility), defendant's total

(continued . . .)

that the parties show good cause in writing why the Court on its own motion—under 18 U.S.C. § 3582(c)(2) and Amendment 782—should not reduce defendant's sentence from 300 months to 292 months.

**IT IS THERFORE ORDERED that on or before January 11, 2021, the Office of the Federal Public Defender shall enter an appearance for defendant if it can do so without violating relevant canons of ethics.**

**IT IS FURTHER ORDERED that the parties shall show good cause in writing why the Court on its own motion—under 18 U.S.C. § 3582(c)(2) and Amendment 782—should not reduce defendant's sentence from 300 months to 292 months.  Within 28 days after counsel enters an appearance for defendant, the government shall file a response. Within 14 days after the government files a response, defendant shall file a response.**

The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.

Dated this 30th day of December, 2020 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[1](. . . continued)
offense level is 37 under the amended Guidelines.  Based on a total offense level 37 and criminal history category IV, defendant's amended guideline range is 292 to 365 months.